UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                        :
                                                             :
AMES DEPARTMENT STORES INC.,                                 :
                                                             :   12-cv-08365 (ALC)
                                            Debtor,          :
                                                             :   <u>OPINION & ORDER</u>
------------------------------------------------------------x
                                                             :
AMES DEPARTMENT STORES INC.,                                 :
                                                             :
                                            Plaintiff,       :
                                                             :
                -against-                                    :
                                                             :
LUMBERMENS MUTUAL CASUALTY                                   :
COMPANY,                                                     :
                                                             :
                                            Defendant.       :
------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

       This Court is presented with the question of whether, under 28 U.S.C. § 157(d), it must withdraw from Bankruptcy Court the reference of an adversary proceeding involving a dispute between the Plaintiff-bankruptcy trustee and the Defendant-insurance company over ownership of $8 million in trust. Defendant argues that withdrawal is mandatory because the Bankruptcy Court's resolution of Defendant's challenge to its jurisdiction would necessarily involve significant interpretation of non-bankruptcy federal law. For the reasons stated below, Defendant's motion is granted. However, the Court respectfully directs the Bankruptcy Court to issue a Report and Recommendation on the matter before the reference is withdrawn.

**I.     BACKGROUND**

       On November 1, 2000, Lumbermens Mutual Casualty Company ("Lumbermens" or "Defendant"), an Illinois insurance company, issued a $14.35 million surety bond (the "bond")

on behalf of Ames Department Stores ("Ames" or "Plaintiff"), as principal, to Travelers Indemnity Company ("Travelers"), as obligee. (*See* Second Am. Compl. ¶¶ 2-3, Adv. Pro. No. 06-01890 (Bankr. S.D.N.Y.) ("Am. Compl.").) Ames filed a petition for bankruptcy protection in the Southern District of New York on August 20, 2001. (*See* Am. Compl. ¶ 4.) Travelers subsequently demanded payment of the bond from Lumbermens and, after the parties were unable to resolve the matter, brought suit against Lumbermens in the United States District Court for the District of Connecticut in June 2003. (Am. Compl. ¶¶ 5-6, 46.) That lawsuit was settled in November 2003. (Am. Compl. ¶ 47.) Under the terms of the settlement, Lumbermens agreed to place $8 million in a trust account at the Bank of New York for the sole benefit of Travelers (the "trust"). (*See* Am. Compl. ¶¶ 8, 47-52.) Travelers, in turn, agreed that in satisfying Ames's debts it would first use two letters of credit that Ames had provided as collateral before turning to the funds in the trust or to the bond. (*See id.*)

Almost three years later, on November 4, 2006, Ames commenced the present adversary proceeding, before the Honorable Robert E. Gerber, against both Lumbermens and Travelers seeking, *inter alia*, a declaratory judgment that Ames's obligations to Travelers should be satisfied from the bond prior to any demand on the letters of credit. (Am. Compl. ¶ 62.) Lumbermens answered asserting that the bankruptcy court lacked subject-matter jurisdiction over the dispute, that the proceedings were "not core," and that the reference to the Bankruptcy Court should be withdrawn. (*See* Def.'s Mot. at 6.)

In December 2008, the Bankruptcy Court approved a settlement between Travelers and Ames. (Am. Compl. ¶ 72.) After that settlement, Ames amended its complaint against Lumbermens, and the parties then engaged in discovery, which concluded in 2011. In July 2012, however, Lumbermens' board of directors consented to enter the company into an Illinois state

court insolvency proceeding. (*See* Ex. N to Def.'s Mot. at 1.) Pursuant to the Illinois Insurance Code, the Illinois Circuit Court of Cook County subsequently entered an order against Defendant which appointed a rehabilitator and created a rehabilitation estate (hereinafter "Rehabilitation Order" and "Rehabilitator"). (*See id.*) The Rehabilitation Order also contained an anti-suit injunction, barring the prosecution of any litigation against Defendant and mandating that disputes related to its assets be heard in the rehabilitation court. (*See id.* at 2.)[1]

Soon afterwards, Ames filed a motion in Bankruptcy Court seeking a declaration that that court had exclusive jurisdiction over the dispute in the adversary proceeding (the "Jurisdictional Motion" or the "Motion"). The Bankruptcy Court thereafter issued an order allowing the Rehabilitator, as the representative for Lumbermens, forty-five days to become familiar with the case posture and to convey its position on the Jurisdictional Motion to the Bankruptcy Court, and Plaintiff another forty-five days afterwards to seek any relief in response. (*See* Ex. R to Def.'s Mot., ¶¶ 1, 3-4.) That order expressly reserved all rights, claims and defenses of both parties. (*See id.* at ¶ 8.)

On September 14, 2012, the Rehabilitator submitted its written position, arguing that withdrawal of the Jurisdictional Motion was mandatory under 28 U.S.C. § 157(d) in light of the McCarran-Ferguson Act, that the reference to the Bankruptcy Court should be withdrawn in any event because the court lacked jurisdiction over the adversary proceeding and the trust, and that the adversary proceeding should be heard in Illinois state court, per the Rehabilitation Order. (*See* Ex. S to Def.'s Mot. at 1-3.) In response, the Bankruptcy Court granted Defendant leave to move before this Court for an order withdrawing the Jurisdictional Motion, though it directed the

---

[1]   Counsel for Lumbermens advised the Court at oral argument that Lumbermens is now in liquidation proceedings before the Illinois Circuit Court of Cook County.

parties to simultaneously complete briefing on the Motion in the Bankruptcy Court. On November 15, 2012, the Defendant filed with this Court its Motion to Withdraw the Reference to Bankruptcy Court under 28 U.S.C. Section 157(d) and Bankruptcy Rule 5011. This Court heard oral argument on that motion on June 17, 2014.

## II. DISCUSSION

### A. MANDATORY WITHDRAWAL OF JURISDICTIONAL QUESTIONS

28 U.S.C. § 157(d) provides that a district court "shall, on timely motion of a party, . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." The Second Circuit has interpreted this provision to mandate withdrawal of a reference from bankruptcy court "where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceedings." *Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs)*, 922 F.2d 984, 995 (2d Cir. 1990). "The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside of the Bankruptcy Code." *Enron Power Mktg. v. Cal. Power Exch. (In re Enron)*, No. 04-cv-8177, 2004 WL 2711101, at *2 (S.D.N.Y. Nov. 23, 2004) (alteration in original) (quoting *Eastern Airlines, Inc. v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.)*, No. 89-cv-8250, 1990 WL 5203, at *5 (S.D.N.Y. Jan 24, 1990)). However, Plaintiff argues that, as a threshold matter, because a court ordinarily has jurisdiction to determine its own jurisdiction, mandatory withdrawal is not available under § 157(d) where the substantial and material application of non-bankruptcy federal law is only necessary to determine whether the Bankruptcy Court has subject-matter jurisdiction. (*See* Pl.'s Opp'n at 14-16.)

The Court finds this argument unpersuasive, and holds that mandatory withdrawal is available in such circumstances. This conclusion is consistent with the broad purpose of § 157(d) and caselaw. *See Enron Power Mktg.*, 2004 WL 2711101, at *4 (mandatorily withdrawing reference because the bankruptcy court could not "determine whether funds at issue [fell] within the [Federal Energy Regulatory Commission's] exclusive jurisdiction or whether [it was] a garden variety bankruptcy case" without substantial and material consideration of federal law beyond the Bankruptcy Code); *see also NLRB v. Goodman (In re Goodman)*, 873 F.2d 598, 604 (2d Cir. 1989) (observing that district court had the authority to permissively withdraw a reference *sua sponte* where the bankruptcy court lacked jurisdiction to proceed).

Plaintiff's argument to the contrary, moreover, relies heavily on language in *Walker Truesdell, Roth & Associates v. Blackstone Group* and *Hassett v. FDIC*, where courts in this District denied motions to withdraw jurisdictional questions from bankruptcy courts while observing that the bankruptcy court "ha[d] jurisdiction to determine its own jurisdiction." *Walker Truesdell, Roth & Assocs. (In re Extended Stay)*, 466 B.R. 188, 201 (S.D.N.Y. 2012); *Hassett (In re CIS Corp.)*, 140 B.R. 351, 353 (S.D.N.Y 1992). This Court finds the force of this language mitigated, however, by the fact that both courts also held that the movant had not made a sufficient showing for mandatory withdrawal in any event. *See Walker Truesdell Roth & Assocs.*, 466 B.R. at 201 (holding that a necessary application of a federal statutory law "implicat[ing] the regulation of organizations or activities affecting interstate commerce" had not been shown); *Hassett,* 140 B.R. at 353 (holding that jurisdictional question required only a "straightforward" application of non-bankruptcy federal law to facts of case). In contrast, as described in Section II-B, *infra*, this Court finds that Defendant has made a showing that substantial and material application of a non-Bankruptcy Code federal law is necessary to a

resolution of the jurisdictional issue in this case.

## B. SUBTANTIAL APPLICATION OF MCCARRAN-FERGUSON

The "substantial and material consideration" element for mandatory withdrawal is satisfied where resolving the action would require the bankruptcy court to "engage itself in the intricacies" of non-bankruptcy law, as opposed to a "routine application of a non-Bankruptcy Code federal statute" to the facts of the case. *Shugrue*, 922 F.2d at 995; *see also California v. Enron Corp.*, (*In re Enron Corp.*), No. 05-cv-4079, 2005 WL 1185804, at *2 (S.D.N.Y. May 17, 2005) (withdrawal not warranted by "bare contention" that determination of non-bankruptcy law issues is required, because what matters is "*the degree* to which the bankruptcy judge would have consider the federal non-bankruptcy laws"). The court, however, is only required to determine whether such substantial and material consideration *would be entailed* in resolving the merits, and "need not resolve the merits of [the parties'] positions for purposes of th[e] motion." *See Bear, Stearns Sec. Corp. v. Gredd*, No. 01-cv-4379, 2001 WL 840187, at *3 (S.D.N.Y. July 25, 2001). And, while matters of first impression are not necessary to mandate withdrawal, where they do exist, the "burden of establishing a right to mandatory withdrawal is more easily met." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 307, 312 (S.D.N.Y. 2011) (quoting *Chemtura Corp. v. United States*, No. 10-cv-503, 2010 WL 1379752, at *1 (S.D.N.Y. Mar. 26, 2010)).

Defendant's motion for withdrawal contends that resolution of Plaintiff's Jurisdictional Motion would necessarily entail substantial and material consideration of the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015. That Act gives the states the primary role in insurance regulation through what is often called the "reverse preemption" of any federal law that does not explicitly regulate the insurance industry. Specifically, the Act provides that "no Act of

Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. §1012(b). Defendant argues that the statute dictates in this case that the Rehabilitation Order, issued under the Illinois Insurance Code, reverse preempts the Bankruptcy Code and precludes the Bankruptcy Court from adjudicating the adversary proceeding. Plaintiff rejoins that any application of McCarran-Ferguson will not be substantial and material.[2]

This Court finds that the application of McCarran-Ferguson's preemption framework is integral to a disposition of the Jurisdictional Motion.[3] As Defendant points out, a number of bankruptcy courts have considered the question of whether McCarran-Ferguson, as interpreted by the Supreme Court in *United States Department of Treasury v. Fabe*, 508 U.S. 491 (1993), implicates their jurisdiction to resolve a property dispute between debtors and an insolvent state insurance liquidator. *See, e.g.*, *In re MF Global Holdings Ltd.*, 469 B.R. 177, 195 n. 17 (Bankr.

---

[2]   Plaintiff has not disputed that the McCarran-Ferguson Act is a statute "regulating organization or activities affecting interstate commerce" and the Court finds this element satisfied in any event. *See, e.g.*, *Humana Inc. v. Forsyth*, 525 U.S. 299, 306 (1999).

[3]   The Court rejects Plaintiff's alternative contention that McCarran-Ferguson is entirely inapposite here as a threshold matter under the Second Circuit's decision in *Lander v. Hartford Life & Annuity Insurance*, 251 F.3d 101 (2d Cir. 2001). In *Lander*, the Court applied the rule that McCarran-Ferguson does not apply "where the preemptive force of the federal statute *is explicit* and there are strong indications that Congress intended just such an effect." *Id.* at 119-20 (emphasis added). There, the Second Circuit held that McCarran-Ferguson was inapplicable after it identified such a preemptive provision in the Securities Litigation Uniform Standards Act. *See id.*; *see also Spirt v. Teachers Ins & Annuity Ass'n*, 691 F.2d 1054 1065 (holding "broad and *explicit* preemptive provision" of Title VII negated application of McCarran-Ferguson) (emphasis added); *Stephens v. Nat'l Distillers & Chem. Corp.*, 69 F.3d 1226, 1232 (2d Cir. 1995) (holding "direct and *explicit* preemptive force" of Foreign Sovereign Immunities Act negated application of McCarran-Ferguson) (emphasis added). Here, however, Plaintiff does not argue that the provisions of the Bankruptcy Code explicitly preempt state law. In fact, the lone case Plaintiff cites in support of preemption held that the Bankruptcy Code's automatic stay provision preempts state-law claims for violations of the stay in district courts, but did so based on a finding of *implied* field preemption. *See E. Equip. & Servs. Corp. v. Factory Point Nat'l Bank, Bennington*, 236 F.3d 117, 120-21 (2d Cir. 2001).

S.D.N.Y. 2012); *Logan v. Credit Gen. Ins. Co. (In re PRS Ins. Grp. Inc.,)*, 294 B.R. 609, 612-13 (Bankr. D. Del. 2003), *aff'd and remanded*, No. 04-cv-318, 2005 WL 4121639, at *2 (D. Del. Mar. 31, 2005). The holdings and outcomes in these cases are not easily reconciled, however, and the Court concludes based on its review of the statute and precedent that this case involves more than a straightforward application of McCarran-Ferguson to the particular facts of this case. *See Stephens v. Nat'l Distillers & Chem. Corp.*, 6 F.3d 1226, 1230 (2d Cir. 1995) (noting that "uncertainties as to the reach of the McCarran-Ferguson Act" still exist even after the Supreme Court's decision in *Fabe*).

In order to resolve the Jurisdictional Motion, for example, the Bankruptcy Court will need to delve into the intricacies of whether its exercise of jurisdiction over the adversary proceeding would "invalidate, impair, or supersede" Illinois state law within the meaning of McCarran-Ferguson. *Compare Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.)*, No. BAP UT-05-119, 2006 WL 2583247, at *3-*4 (B.A.P. 10th Cir. Sept. 28, 2006) (holding that bankruptcy court's continued jurisdiction over an adversary proceeding would not impair, invalidate or supersede a Washington state insolvency court stay) *with Logan*, 294 B.R. at 613 (holding bankruptcy court's exercise of jurisdiction was preempted because it could frustrate Ohio state liquidation policy of maximizing the return to policyholders). It likely would also need to determine whether McCarran-Ferguson's preemptive framework extends to the first-exercising jurisdiction doctrine, which dictates that "[i]n proceedings *in rem* or *quasi in rem*, the forum first assuming custody of the property at issue has exclusive jurisdiction to proceed." *See, e.g., FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999); *see also id.* at 100 (noting that the Supreme Court has recognized that "the existence of jurisdiction ordinarily depends on the facts as they exist when the complaint is filed . . . [such that] if

8

jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); *Gross v. Weingarten*, 217 F.3d 208, 221-22 (4th Cir. 2000) (applying first-exercising jurisdiction doctrine to determine McCarran-Ferguson's applicability to issue of district court's jurisdiction). This Court, of course, does not express a view on these issues at this juncture, but it does find that resolving them will require more than a simple application of well-settled law to the facts of this case.

### C. REPORT & RECOMMENDATION

While the Court holds that withdrawal is mandated by 28 U.S.C. § 157(d), it also finds, in line with several other courts in this District, that it has the authority to direct the Bankruptcy Court to issue a Report and Recommendation on the Motion, which will be subject to this Court's *de novo* review. *See, e.g.*, *Kirschner v. Agoglia*, 476 B.R. 75, 82 (S.D.N.Y. 2012) (collecting cases). This Court finds this approach to be the most prudent under the circumstances. Given its intimate familiarity with the case and the fact that the Motion presents additional issues that fall squarely within the Bankruptcy Court's expertise, the Bankruptcy Court's initial consideration of the Jurisdictional Motion will conserve judicial and litigant resources and facilitate a prompt resolution. In fact, the desirability of this approach is buttressed by the fact that each case Defendant cites in favor of McCarran-Ferguson preemption involved a finding of such preemption by the bankruptcy court in the first instance.[4]

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to withdraw the reference is granted. The

---

[4]    *See* Def.'s Mot. at 17 (citing *In re MF Global Holdings Ltd.*, 469 B.R. 177; *Logan*, 294 B.R. 609; *In re Med. Care Mgmt. Co.*, 361 B.R. 863 (Bankr. M.D. Tenn. 2003); *Wagner v. Amwest Ins. Grp., Inc. (In re Amwest Ins. Grp., Inc.)*, 285 B.R. 447 (Bankr. C.D. Cal. 2002); *Advanced Cellular Sys v. Mayol (In re Advance Cellular Sys.)*, 235 B.R. 713 (Bankr. P.R. 1999)).

Court directs the Bankruptcy Court to conduct further proceedings consistent with this Opinion & Order, and the reference will be withdrawn once the Bankruptcy Court has issued its Report & Recommendation.

**SO ORDERED.**

Dated: July 3, 2014

New York, New York

*[signature]*

ANDREW L. CARTER, JR.
United States District Judge