# TORRE, LENTZ, GAMELL, GARY & RITTMASTER, LLP
## ATTORNEYS AT LAW

100 JERICHO QUADRANGLE, SUITE 309
JERICHO, NEW YORK 11753-2702

TELEPHONE: (516) 240-8900
FACSIMILE: (516) 240-8950

January 26, 2016

Mark S. Gamell
mgamell@tlggr.com

**BY ECF AND E-MAIL**

Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
500 Pearl Street, Room 725
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

2-1-16

Re: Civil Action No.: 12-cv-08365 (ALC)
Bankruptcy Case No. 01-42217 (CGM)
In re: Ames Department Stores, Inc., et al., Debtors
Adversary Proceeding No. 06-01890 (CGM)
Ames Department Stores, Inc. v.
Lumbermens Mutual Casualty Company, in Liquidation

Letter Motion Seeking Leave to File Hearing Transcript Under Seal

Dear Judge Carter:

We are counsel for the Defendant (the Director of Insurance of Illinois, as statutory and court affirmed Liquidator of Lumbermens Mutual Insurance Company, in Liquidation) ("Lumbermens"). We respectfully request leave to file, under seal, a copy of the court reporter's initial unofficial transcript (the "Unofficial Transcript") of the hearing held in the Bankruptcy Court on November 18, 2014, to be unsealed on 4/13/2016 (either in its current unofficial, uncorrected version, or such corrected and/or redacted version as the Bankruptcy Court shall direct during the 90-day period within which transcripts are to be reviewed and corrected).

This letter motion request is made pursuant to our discussions with Your Honor's chambers and with the office of the Bankruptcy Clerk. The Unofficial Transcript was first docketed on January 13, 2016, in the above referenced bankruptcy case (Bankruptcy Case ECF #4548), and on January 19, 2016, in the above referenced adversary proceeding (Adv. Proc. ECF #92). The transcript had been ordered by us to complete the record and appendix to be filed in this Court with Lumbermens' objections to the Bankruptcy Court's Report and Recommendation dated December 7, 2015, filed in the adversary proceeding (Adv. Proc.

2234024_1

ECF #88), a copy of which has been filed in this Court (District Court ECF #18) for *de novo* review as per this Court's Opinion & Order dated July 3, 2014 (District Court ECF #15).

The office of the Bankruptcy Clerk has instructed us not to file the Unofficial Transcript in a manner available for view by the public until the expiration of the 90 days for correction of and redactions from the transcript by the Bankruptcy Judge and by counsel for the parties, mandated in the Transcript Restrictions (see http://www.nysb.uscourts.gov/sites/default/files/pdf/TranscriptRestrictionsRedactionGuidelines.pdf).

The docket entry in the above referenced adversary proceeding noting the filing of the unofficial transcript (Adv. Proc. ECF #92) states as follows:

> Transcript regarding Hearing Held on 11/18/2014 10:13AM
> RE: Cross-Motion Filed by the Defendant to Dismiss or Stay this Adversary Proceeding; Motion Filed by the Plaintiff to Confirm Exclusive Jurisdiction of Bankruptcy Court over Trust Monies; Opposition Filed. Remote electronic access to the transcript is restricted until 4/12/2016. The transcript may be viewed at the Bankruptcy Court Clerks Office. [Transcription Service Agency: Veritext Legal Solutions.]. (See the Courts Website for contact information for the Transcription Service Agency.). Notice of Intent to Request Redaction Deadline Due By 1/20/2016. Statement of Redaction Request Due By 2/3/2016. Redacted Transcript Submission Due By 2/16/2016. Transcript access will be restricted through 4/12/2016. (Ortiz, Carmen) (Entered: 01/19/2016)

Lumbermens intends to refer to the Unofficial Transcript (and by implication to the official transcript after the 90 days has expired) in Lumbermens' objections to the aforesaid Report and Recommendation, for which the filing deadline is January 29, 2016. Lumbermens also intends to file an appendix containing the various motion papers and transcripts that were filed in the Bankruptcy Court in the adversary proceeding (approximately 90 documents), relating to the motion and cross-motion that are the subject of the Report and Recommendation (and which, for the most part, have never been filed in the District Court). For ease of reference, Lumbermens intends to sequentially number the contents of its appendix (and will add the Unofficial Transcript at the end of the appendix, to avoid confusion if the official transcript changes the unofficial version).

We have asked the Debtor's counsel to consent to this motion to file the transcript under seal (which was suggested by Your Honor's chambers). Ames' counsel indicated they are not sure it needs to be filed with the district court under seal at all, but in any event they agree with us that the transcript should be unsealed at the end of the 90-day period (whether in the same Unofficial Transcript version, or such corrected and/or redacted version as the Bankruptcy Court shall direct).

To date, neither Lumbermens nor Debtor has filed any Notice of Intent to Request Redaction ("Due By 1/20/2016"), or any Statement of Redaction Request ("Due By 2/3/2016"). Debtor's counsel have indicated that since neither party has filed a Notice of Intent to Request Redaction by the January 20 deadline, no changes to the Unofficial Transcript are to be made unless directed by the Bankruptcy Court prior to its deadline.

This Court is therefore requested to grant this motion to file the Unofficial Transcript under seal and to direct that the transcript shall be unsealed at the end of the 90-day period (whether in the same Unofficial Transcript version, or such corrected and/or redacted version as the Bankruptcy Court shall direct), whereupon Lumbermens shall be permitted to file a copy thereof electronically to supplement its appendix to its objections to the aforesaid Report and Recommendation.

Respectfully submitted,

Mark S. Gamell

cc: Bijan Amini, Esq. (via ECF & email)
Avery Samet, Esq. (via ECF & email)
Jeffrey Chubak, Esq. (via ECF & email)

Application GRANTED.

SO ORDERED.

Andrew L. Carter
2-1-16

2234024_1