February 2, 2016

**Mark S. Gamell**
mgamell@tlggr.com

**BY ECF AND E-MAIL**

Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
500 Pearl Street, Room 725
New York, NY  10007
ALCarterNYSDChambers@nysd.uscourts.gov

        Re:  Civil Action No.: 12-cv-08365 (ALC)
             Bankruptcy Case No. 01-42217 (REG)
             In re:  Ames Department Stores, Inc., et al., Debtors
             Ames Department Stores, Inc. v.
             <u>Lumbermens Mutual Casualty Company, in Liquidation</u>

Dear Judge Carter:

      On behalf of the Defendant Liquidator of Lumbermens Mutual Casualty Company, we respectfully respond to the letter from counsel for Ames dated today asserting unfounded technical comments regarding the Liquidator's "Objection" filed on January 29, 2016 (ECF # 28) and re-filed, together with its appendix (after assistance from the ECF filing technical department) on February 1, 2016 (ECF # 29).[1]

      There is no basis for Ames' letter.  The Liquidator's objection is an "objection," and not a brief; it sets forth the Liquidator's objections to the proposed findings of fact and proposed conclusions of law in the Bankruptcy Court's 47-page, heavily footnoted Report And Recommendation, which was issued pursuant to your Honor's July 3, 2014 Opinion And Order in this matter withdrawing the reference under 28 U.S.C. §157(d). Your Honor's review of the underlying cross-motions, as well as of the Report And

---

[1] The Objection and its accompanying exhibits were originally filed as a "motion" on January 29, 2015 (ECF # 28), as the ECF system would not accept the filing as an "objection" linked to the Bankruptcy Court's "report and recommendation" (ECF # 18), and the motion portal appeared to be the only avenue for filing available.  With assistance from the S.D.N.Y. ECF technical support department on February 1, 2016, a procedure was found for filing the "objection" with its exhibits and appendix "linked" to the Bankruptcy Court's report and recommendation on Monday February 1, 2016 (ECF # 29).

2235057v1

Honorable Andrew L. Carter, Jr.
United States District Judge
February 2, 2016
Page 2

Recommendation, is *de novo*.  Under your Honor's Opinion, the reference was effectively withdrawn upon the issuance of the Bankruptcy Court's Report And Recommendation, and thus bankruptcy rules have no relevance in this situation.  For the same reasons, this is not a "bankruptcy appeal."

  The brief conforms to the requirements of the Southern District of New York, in that it has 1" margins, the main text is in MS Word 12 point type, and the footnotes are MS Word 11 point type.  We are not aware of any page limitation that applies to the Objection, and given the scope of the Liquidators' objections to Judge Gerber's 47-page Report And Recommendation, which was expanded by its *145 footnotes*, we do not believe that the length of the Objection is inappropriate or is an untoward imposition on opposing counsel or the Court; the length of the Objection was dictated by the pervasive errors of supposed "undisputed facts" set forth in the Report And Recommendation, as well as the scope of the Liquidator's objections to its extensive proposed conclusions of law.

  However, in the alternative, to the extent that we have misunderstood any of the applicable rules and there is a page limitation involved that we did not perceive, then on behalf of the Liquidator we request that the Court grant relief, *nunc pro tunc,* to permit the filing of the Objection in its current 80-page version.[2]

  If your Honor would like to discuss this matter, we will gladly participate in a telephone conference with your Honor.

             Respectfully submitted,

             */s/ Mark S. Gamell*

             Mark S. Gamell

cc (via ECF and Email):  Bijan Amini, Esq.
            Avery Samet, Esq.

---

[2] Parenthetically, yesterday when counsel for Ames requested an extension of time to February 26, 2016 for its response to the Objection, to which we agreed, Ames counsel raised no objection to the length of the Objection.