# STORCH AMINI & MUNVES PC

A New York Professional Corporation

Bijan Amini  
Member NY & DC Bars

e-mail:  amini@samlegal.com  
direct:   212.497.8217

April 28, 2016

**VIA ECF AND HAND DELIVERY**

The Honorable Andrew L. Carter, Jr.  
United States District Court  
Southern District of New York  
40 Foley Square, Room 435  
New York, NY  10007

**Re:   Ames Dep't Stores, Inc. v. Lumbermens Mut. Casualty Co.,**  
**(In re Ames Dep't Stores, Inc.), Civ. A. No. 12-8365 (ALC)**

Dear Judge Carter:

On behalf of Ames Department Stores, Inc. ("Ames"), the plaintiff in this action which has been pending since 2006, we write to request that the Court schedule a status conference in order to discuss the best method of advancing the case, including the possibility of referring it to the Magistrate Judge assigned to this matter for further discussions between the parties. Below we provide the Court with a brief history of this action.

On August 20, 2001, Ames filed a petition for relief under Chapter 11 of the Bankruptcy Code.[1] Thereafter, a dispute arose between Ames and defendant Lumbermens Mutual Casualty Co. ("Lumbermens") with respect to (i) Lumbermens' obligations under surety bond it had issued on behalf of Ames and (ii) its post-petition entry into an agreement with Travelers Indemnity Company which Ames alleges harmed its estate in violation of the automatic stay. Accordingly, on November 4, 2006, Ames filed this action to enforce its rights against Lumbermens and Travelers. In December 2008, the Bankruptcy Court approved a settlement between Ames and Travelers. Subsequently, Ames amended its complaint against Lumbermens, the parties completed discovery and the Bankruptcy Court scheduled a trial date in October 2012.

In July 2012, the board of directors of Lumbermens consented to the entry of an order of rehabilitation against Lumbermens, and such an order was entered by the Illinois state court (the "Rehabilitation Order"). The Rehabilitation Order contained an anti-suit injunction, barring the prosecution of any litigation against Lumbermens and mandating that disputes relating to Lumbermens' assets be heard in the Illinois state court. The parties then began the current process

---

[1] The description of the history of this action is largely taken from the Court's Opinion & Order withdrawing the reference to the Bankruptcy Court dated July 3, 2014 [Dkt. No. 15].

Hon. Andrew L. Carter, Jr.
April 28, 2016
Page 2 of 2

of litigating the proper forum for this action. Lumbermens sought to withdraw the reference to the Bankruptcy Court and to have the action heard in the Illinois state court, while Ames sought to have the action heard in Federal Court.

On July 3, 2014, the Court entered an opinion and order withdrawing the reference to the Bankruptcy Court and directing the Bankruptcy Court to issue a report and recommendation as to the Court's jurisdiction to hear this action [Dkt. No. 15]. After receiving additional briefing, on December 7, 2015, the Bankruptcy Court entered its report and recommendation holding that the Court has jurisdiction to hear this action notwithstanding the Illinois state proceeding (the "Jurisdiction Report") [Dkt. No. 18]. On February 17, 2016, Lumbermens filed an objection with this Court to the Jurisdiction Report [Dkt. No. 38], and Ames filed a response in support of the Jurisdiction Report on February 26, 2016 [Dkt. No. 40]. The Court's consideration of the Jurisdiction Report is now fully briefed and submitted.

Before the Bankruptcy Court entered its Jurisdiction Report, the parties engaged in settlement discussions and made efforts to resolve this action consensually but did not arrive at an agreement. As explained earlier, this action has been pending for many years, and Ames requests that the Court schedule a status conference to explore how to bring closure to the dispute, including the possibility of referring the matter to the Magistrate Judge assigned to this action for further discussions between the parties.

Respectfully submitted,

*Bijan Amini/dg*

Bijan Amini

cc:   Mark S. Gamell, Esq. (*all via ECF*)
      Avery Samet, Esq.